UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

THOMAS LOVELACE,

                                            Plaintiff,

                    -against-                        **SECOND AMENDED COMPLAINT**

THE CITY OF NEW YORK, POLICE OFFICER     CV 11 4437 (BMC)
JEFFREY LISS, shield # 1422, POLICE OFFICER
RODNEY BOYCE, shield # 20223, POLICE OFFICER     Jury Trial Demanded
EDWIN ELIAS, tax # 906181, POLICE OFFICER JUAN
CARLOS CRUZ, tax # 933723, POLICE OFFICER CRUZ
PEARSALL, tax # 916406, POLICE OFFICER JEFFREY
CHIN # 16758,

                                            Defendants.

------------------------------------------------------------------------ x

**PRELIMINARY STATEMENT**

1.     Plaintiff brings this civil rights action against the City of New York and several New York City Police Officers in connection with two separate arrests in Brooklyn, one on November 3, 2010, and the other on April 24, 2011.  With respect to the first arrest, plaintiff alleges that defendants violated his rights under 42 U.S.C. § 1983, the First, Fourth and Sixth Amendments to the United States Constitution and New York state law by retaliating against him for exercising free speech, falsely arresting him, using unreasonable force on him, denying him a fair trial and maliciously prosecuting him.  With respect to the second arrest, plaintiff alleges that defendants violated his rights under 42 U.S.C. § 1983, the First and Fourth Amendments to the Constitution and New York state law by retaliating against him for exercising free speech and using unreasonable force on him.  Both criminal cases were dismissed.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

**JURISDICTION & VENUE**

2. This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of false arrest, assault, battery and malicious prosecution which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4. Because plaintiff's state law claims are brought only against the individual defendant police officers and allege intentional conduct, no notice of claim is required. In suits against municipal or county employees, as opposed to suits against municipalities or counties themselves, "service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law." N.Y. Gen. Mun. Law § 50-e(1)(b). Although a municipality is required to "indemnify and save harmless its employees in the amount of any judgment obtained against such employees in any state or federal court, ... the duty to indemnify and save harmless ... shall not arise where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee." N.Y. Gen. Mun. L. § 50-k(3).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

**PARTIES**

6. Plaintiff is a resident of Brooklyn.

2

7. The City of New York is a municipal corporation organized under the laws of the State of New York

8. The individual defendants are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and in their capacities as members of the NYPD at all relevant times. The defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

**A.     Incident of November 3, 2010**

9. On November 3, 2010, at approximately 7:15 p.m., in front of plaintiff's previous home located at 801 Monroe Street in Brooklyn, New York City Police Officers Jeffrey Liss, Rodney Boyce, Edwin Elias, Juan Carlos Cruz and Cruz Pearsall seized and questioned plaintiff without legal justification.

10. Plaintiff questioned the defendants' reasons for stopping him.

11. In response, the defendants, acting in concert, sprayed plaintiff several times in his face with mace or pepper spray. This use of force deterred plaintiff from questioning the officers' actions any further.

12. Numerous other police officers in uniform responded and some of these officers, along with the defendants, punched plaintiff several times. Plaintiff was arrested and brought to the 81st Precinct.

13. An ambulance came to the precinct and paramedics flushed plaintiff's eyes with water.

14. While plaintiff was held in the precinct, Officer Liss, with the approval and knowledge of the other defendants, falsely charged plaintiff with sale of a controlled substance and resisting arrest.

15. Plaintiff was later taken to Brooklyn Central Booking.

16. While plaintiff was held in Central Booking, Officer Liss, with the approval and knowledge of the other defendants, misrepresented to the Kings County District Attorney's Office that plaintiff had sold a controlled substance and resisted arrest.

17. The District Attorney's Office drafted a criminal court complaint charging plaintiff solely with resisting arrest, which Liss swore to and signed.

18. Plaintiff was arraigned in Criminal Court approximately 24 hours after his arrest and released on his own recognizance.

19. During a February 8, 2011 court appearance, the District Attorney's Office dismissed the false criminal charge.

20. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered an unlawful detention, physical injuries, emotional distress, fear, anxiety and humiliation.

**B.    Incident of April 24, 2011**

21. On April 24, 2011, at approximately 6:00 p.m., in the vicinity of 849 Broadway in Brooklyn, plaintiff walked over to a group of police officers who had surrounded his son, Anthony Underwood.

22. When plaintiff asked the officers what was happening, Officer Jeffrey Chin punched plaintiff in the face two times, fracturing plaintiff's nose and causing contusions

and lacerations. This use of force deterred plaintiff from questioning the officers' actions any further.

23. Plaintiff was arrested and taken to the 83rd Precinct.

24. Plaintiff was taken by ambulance from the precinct to Woodhull Hospital.

25. On July 27, 2011, the false criminal charges were dismissed.

26. Plaintiff's nasal fracture, which has resulted in a crooked nose, requires corrective surgery.

27. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered physical injuries, emotional distress, fear, anxiety and humiliation.

## FIRST CLAIM

### (FALSE ARREST)

28. Plaintiff repeats the foregoing allegations.

29. On November 3, 2010, plaintiff did not commit a crime or violation.

30. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest.

31. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (UNREASONABLE FORCE)

32. Plaintiff repeats the foregoing allegations.

33. Defendants' force upon plaintiff on November 3, 2010, and April 24, 2011 was objectively unreasonable and caused plaintiff pain and injury.

34. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force on him.

## THIRD CLAIM

### (VIOLATING RIGHT TO FREE SPEECH)

35. Plaintiff repeats the foregoing allegations.

36. Plaintiff exercised free speech on November 3, 2010 and April 24, 2011.

37. Plaintiff's exercise of free speech was a motivating factor in defendants' decisions to use force upon, arrest and prosecute plaintiff on November 3, 2010 and to use force upon plaintiff on April 24, 2011.

38. Accordingly, defendants are liable to plaintiff under the First Amendment for violating his right to free speech.

## FOURTH CLAIM

### (DENIAL OF A FAIR TRIAL)

39. Plaintiff repeats the foregoing allegations.

40. Defendants misrepresented to the Kings County District Attorney's Office that plaintiff had committed a crime on November 3, 2010.

41. Defendants' misrepresentation deprived plaintiff of liberty in that he was required to appear in court after his arraignment.

42. Accordingly, defendants are liable to plaintiff under the Sixth Amendment for denying plaintiff a fair trial in connection with plaintiff's November 3, 2010 arrest.

## FIFTH CLAIM

### (MALICIOUS PROSECUTION)

43. Plaintiff repeats the foregoing allegations.

44. Defendants maliciously misrepresented to the Kings County District Attorney's Office that plaintiff had committed a crime on November 3, 2010 and commenced a criminal case against him.

45. Defendants' motivation was not to serve justice but to obtain overtime compensation and increase their arrest numbers.

46. Defendants' misrepresentations deprived plaintiff of liberty in that he was required to appear in court after his arraignment.

47. The criminal case filed against plaintiff was ultimately dismissed.

48. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for malicious prosecution.

## SIXTH CLAIM

### (FAILURE TO INTERVENE)

49. Plaintiff repeats the foregoing allegations.

50. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

51. Accordingly, the defendants are liable to plaintiff under the Constitution for not intervening to prevent the violation of plaintiff's federal rights.

## SEVENTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

52. Plaintiff repeats the foregoing allegations.

53. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

54. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

55. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

56. Several members of the NYPD have been arrested and convicted of crimes for making false allegations and for corruption.

57. Former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state court and served time in federal prison.

58. In 2011, former NYPD Officer Jerry Bowen was convicted of murder and attempted murder while under indictment for corruption.

59. In October 2011, former NYPD narcotics officer Jason Arbeeny was convicted in New York Supreme Court, Kings County, of planting drugs on two individuals and falsifying arrest reports. Before issuing a verdict of guilty, the judge scolded the NYPD for what he described as a "widespread culture of corruption endemic in its drug units." The judge further stated that the testimony demonstrated that the NYPD narcotics divisions maintain a "cowboy culture" and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

60. In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the federal court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and

8

state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

61. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

62. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

## EIGHTH CLAIM
### (FALSE ARREST UNDER STATE LAW)

63. Plaintiff repeats the foregoing allegations.

64. On November 3, 2010, plaintiff did not commit a crime or violation.

65. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest.

66. Accordingly, the individual defendants are liable to plaintiff under New York state law for false arrest.

## NINTH CLAIM
### (ASSAULT)

67. Plaintiff repeats the foregoing allegations.

68. Defendants' force upon plaintiff on November 3, 2010, and April 24, 2011 placed him in fear of imminent harmful and offensive physical contacts which injured him.

69. Accordingly, the individual defendants are liable to plaintiff under New York state law for assault.

## TENTH CLAIM

## (BATTERY)

70. Plaintiff repeats the foregoing allegations.

71. Defendants' force upon plaintiff on November 3, 2010, and April 24, 2011 were offensive and nonconsensual physical contacts which injured him.

72. Accordingly, the individual defendants are liable to plaintiff under New York state law for battery.

## ELEVENTH CLAIM

## (MALICIOUS PROSECUTION UNDER STATE LAW)

73. Plaintiff repeats the foregoing allegations.

74. Defendants maliciously misrepresented to the Kings County District Attorney's Office that plaintiff had committed a crime on November 3, 2010 and commenced a criminal case against him.

75. Defendants' motivation was not to serve justice but to obtain overtime compensation and increase their arrest numbers.

76. The criminal case filed against plaintiff was ultimately dismissed.

77. Accordingly, the individual defendants are liable to plaintiff under New York state law for malicious prosecution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Attorney's fees and costs;

        d.        Such other and further relief as the Court may deem just and proper.

DATED:       November 22, 2011

/s/

_____

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391

11